COURT OF APPEALS
DECISION
DATED AND FILED

August 19, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1717**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019FA100

**IN COURT OF APPEALS**
**DISTRICT IV**

IN RE THE MARRIAGE OF:

KIMBERLY B. RUSHMAN,

    PETITIONER-APPELLANT,

V.

CHRISTOPHER JOHN MCMAHON,

    RESPONDENT-RESPONDENT.

APPEAL from a judgment of the circuit court for Juneau County: STACY A. SMITH, Judge. *Affirmed.*

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM    Kimberly B. Rushman appeals the circuit court's division of property in a judgment of divorce between herself and her former husband, Christopher John McMahon.  Rushman argues that the circuit court erred in:    (1) denying Rushman's motion for a continuance; (2) determining that McMahon's one-third interest in an Oneida County property is not subject to division; and (3) departing from the presumption of equal division when dividing a Portage County property.  We reject Rushman's arguments and affirm.

## BACKGROUND

¶2    Rushman and McMahon were married in October 2016.  Rushman filed for divorce in July 2019.  The circuit court conducted a trial in August 2020.  At trial, the parties presented evidence regarding two assets pertinent to this appeal: a one-third interest in an Oneida County property titled to McMahon, and a Portage County property titled to McMahon and Rushman.  In the course of the parties' presentation of evidence relevant to the Oneida County property, the court denied Rushman's motion for a continuance.  We now summarize the trial proceedings related to the Oneida County property and the denial of the continuance, and to the Portage County property.

### Oneida County Property and Denial of Continuance

¶3    McMahon testified that he has a two-thirds interest in the Oneida County property, and that he did not pay for his two-thirds interest in the Oneida County property.  He testified that he received the first one-third interest in the Oneida County property from his mother and stepfather prior to the marriage and

the second one-third interest from his sister during the marriage, both as gifts.[1] At the conclusion of his testimony, McMahon's counsel informed the circuit court that counsel would next call McMahon's sister to testify by phone about her gifting to McMahon her one-third interest in the Oneida County property. Counsel had filed a motion on the morning of trial to allow McMahon's sister to testify by phone. Over Rushman's counsel's objection, the court permitted McMahon's sister to testify by phone. She testified that the Oneida property was originally a gift from their parents and that she subsequently gave McMahon her one-third interest in the property, for which he paid no consideration.

¶4 At the conclusion of McMahon's sister's testimony, McMahon's counsel rested. Rushman's counsel moved to call a rebuttal witness in response to McMahon's and his sister's testimony that McMahon received the second one-third interest in the Oneida County property as a gift. The circuit court granted the motion and directed Rushman's counsel to "get [the witness] on the phone." Counsel then moved for a continuance on the basis that extra time was needed to make arrangements for the testimony because counsel did not have the witness's contact information. The court denied the motion for a continuance, explaining that counsel "knew [Rushman's] defense" on this issue and "could have had [the witness] ready."

¶5 The circuit court determined that McMahon's interest in the Oneida County property was a gift and is therefore not subject to division.

---

[1] Rushman does not dispute that the transfer to McMahon of the first one-third interest in the Oneida County property was a gift.

### Portage County Property

¶6      Rushman and McMahon testified that McMahon purchased the Portage County property in 2011 and transferred it to himself and Rushman in 2017. McMahon testified that he and Rushman lived together at the Portage County property for approximately one year and two months during their four-year marriage. Rushman testified that she lived with McMahon at the Portage County property for less than two years total during the marriage.

¶7      The circuit court determined that the Portage County property is divisible and subject to the presumption of equal division. The court considered that the parties "don't have a lot of money" and observed that Rushman did not "make any money" during most of the marriage and that McMahon's retirement account was tied to his work before the marriage. The court also considered the "short term" of the marriage and weighed Rushman's contributions to the marriage against the benefits she received from it. Based on these considerations, the court determined that it was equitable to deviate from the presumption of equal division.

¶8      The circuit court decided to base its division on only the property's increase in value since McMahon purchased the property because the court was ordering that McMahon continue to pay the mortgage on the property. The court first calculated the average annual increase in the value of the property from 2011 to 2019. The court then determined that it would award Rushman an amount equal to one half of the property's average annual increase in value multiplied times two, to reflect the approximately two years that she and McMahon lived together on the property during the marriage.

¶9      The circuit court found that the value of the Portage County property as assessed on property tax records at the time of the 2019 divorce was $162,000

and that its value in 2011 was $130,000.[2] The court subtracted $130,000 from $162,000 to find that the property's value rose $32,000 in the "nine years" from 2011 to 2019. Based on this calculation, the court determined that the average annual increase in value was "$5,333 a year." The court multiplied that average annual increase in value by two and then awarded Rushman half of the resulting amount. The court accordingly ordered McMahon to pay Rushman "a lump sum of $5,333" as a property equalization payment but otherwise allocated the entire Portage County home, including the mortgage, to McMahon.[3]

¶10 Except for the Portage County property, the circuit court awarded each party all the accounts and debts existing in his or her name and each asset that he or she possessed prior to the marriage.

¶11 This appeal follows.

## DISCUSSION

¶12 Rushman argues that the circuit court erred in: (1) denying Rushman's motion for a continuance; (2) determining that the one-third interest in the Oneida County property McMahon received from his sister is not subject to division; and (3) departing from the presumption of equal division when dividing

---

[2] Rushman does not dispute the circuit court's findings as to the value of the Portage County property in 2011 and 2019.

[3] McMahon notes mathematical errors that the circuit court may have made in its calculations but seeks no relief based on those asserted errors, and Rushman makes no argument at all based on any such errors. Accordingly, we do not address them further.

the Portage County property.[4]  We first discuss the motion for continuance issue and then the property division issues.

### I. Motion for Continuance

¶13     As a preliminary matter, we note that Rushman frames this asserted error as the circuit court not allowing Rushman's rebuttal witness to testify by phone.  As summarized above, the record shows that the court would have allowed the rebuttal witness to testify by phone, but did not allow counsel a continuance to obtain the contact information for that witness.  Accordingly, we address Rushman's argument as asserting that the court erred by denying her motion for a continuance.

¶14     We review a circuit court's decision to grant or deny a continuance of a trial for an erroneous exercise of discretion.  *Rechsteiner v. Hazelden*, 2008 WI 97, ¶28, 313 Wis. 2d 542, 753 N.W.2d 496.

¶15     Wisconsin law sets forth several factors that are balanced in the discretionary decision of whether to grant a continuance, including but not limited to the length of the delay requested; whether other continuances had been requested and received; the convenience or inconvenience to the parties, witnesses, and the court; and whether the delay seems to be for legitimate reasons.  *Rechsteiner*, 313 Wis. 2d 542, ¶93.  "'It is well established in Wisconsin that a continuance is not a matter of right,'" and this court will sustain the circuit court's decision on a motion for a continuance so long as it was "'the product of a rational mental process by

---

[4] Rushman also implies that the circuit court erred in not including in the property division McMahon's retirement account and a 1965 Harley Davidson motorcycle titled to McMahon, but she makes no developed argument based on citations to the record or legal authority in support of these implied assertions of error, and we do not consider them further.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we need not consider "arguments unsupported by references to legal authority" and "issues inadequately briefed").

which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination.'" *Id.*, ¶92, 28 (quoted sources omitted).

¶16 We conclude that the circuit court did not erroneously exercise its discretion by denying Rushman's motion for a continuance. The record demonstrates that the court considered the convenience to the parties and the court, and the reasons for the proposed delay. *See id.*, 313 Wis. 2d 542, ¶93 (identifying convenience and the reason for the delay as two factors to be balanced in the court's discretionary decision on a motion for a continuance). The court denied Rushman's motion for a continuance because Rushman's counsel had notice that the Oneida property's gift status was an issue but was not prepared with the contact information for the potential rebuttal witness on that issue and "could have had" that information ready. The court reasonably concluded that counsel's lack of preparation was not a legitimate reason to inconvenience the parties and the court.

¶17 Rushman argues that the circuit court erred in denying the motion for a continuance because the absence of the rebuttal witness's testimony leaves the record "incomplete." This argument lacks merit because it overlooks that it was Rushman's responsibility, not the court's, to make sure the record was "complete." As noted above, the record shows that the court initially granted Rushman's motion to call a rebuttal witness but then denied a continuance when counsel was not prepared with the contact information for that witness. To the extent that Rushman may be arguing that Wisconsin litigants are entitled to a continuance to "complete the record," she cites no legal authority to support such an argument. "Arguments unsupported by references to legal authority will not be considered." *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶18    Rushman also argues that the circuit court engaged in "judicial advocacy" because "the respondent was allowed to call [a witness] for testimony" by phone but the court "summarily refused the opportunity for Rushman to present her case [by phone], despite hearing no objection by the respondent." This argument fails because it is refuted by the record:  to repeat, the court granted Rushman's motion to call a rebuttal witness to testify by phone and denied the motion for a continuance when counsel was not prepared to do so.

¶19    In sum, Rushman fails to show that "there was no reasonable basis" for the circuit court's denial of her motion for a continuance. *Rechsteiner*, 313 Wis. 2d 542, ¶28.

## II.  Property Division

¶20    We first summarize the standard of review and legal principles that govern a circuit court's property division decisions.  We next analyze in turn the two property division decisions at issue here.  For each issue, we explain our conclusion and then address Rushman's arguments to the contrary.

### A.  *Applicable Standard of Review and Legal Principles*

¶21    The division of property in a divorce is entrusted to the circuit court's discretion and will not be disturbed on appeal absent an erroneous exercise of discretion.  *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789.  A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and uses a demonstrated rational process to reach a reasonable conclusion.  *Id.*  On review of a circuit court's discretionary decision, we review any questions of law independently, but we will not overturn the court's factual findings unless they are clearly erroneous.  WIS. STAT. § 805.17(2) (2019-

20);[5] *Covelli v. Covelli*, 2006 WI App 121, ¶13, 293 Wis. 2d 707, 718 N.W.2d 260. In addition, we search the record for reasons to sustain the court's discretionary decisions. *Steiner v. Steiner*, 2004 WI App 169, ¶18, 276 Wis. 2d 290, 687 N.W.2d 740.

¶22 The "general rule" governing the divisibility of property in a divorce action "is that assets and debts acquired by either party before or during the marriage are divisible upon divorce." *Derr v. Derr*, 2005 WI App 63, ¶10, 280 Wis. 2d 681, 696 N.W.2d 170. Statutory exceptions to this rule include property acquired "by gift." *Id.*; WIS. STAT. § 767.61(2)(a)1. The party asserting that an asset is not divisible bears the burden of proving to a reasonable certainty by the greater weight of the credible evidence that an asset falls into one of the statutory exceptions. *Brandt v. Brandt*, 145 Wis. 2d 394, 407-408, 427 N.W.2d 126 (Ct. App. 1988).

¶23 Once the circuit court has determined that property is divisible, the division of that divisible property lies within the court's "sound discretion" and the division will not be set aside on appeal unless the court erroneously exercised its discretion. *Perrenoud v. Perrenoud*, 82 Wis. 2d 36, 45-46, 260 N.W.2d 658 (1978). In exercising its discretion, the circuit court "shall presume that all [divisible] property ... is to be divided equally between the parties, but may alter this distribution … after considering" the "lengthy and detailed list of statutory factors." WIS. STAT. §767.61(1)-(3); *LeMere*, 262 Wis. 2d 426, ¶16. A court is not precluded from giving one statutory factor greater weight than another, or from concluding that some factors may not be applicable at all. *Id.* at ¶25.

---

[5] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

### B. Oneida County Property

¶24 We conclude that the record supports the circuit court's determination that McMahon's one-third interest in the Oneida County property received from his sister was a gift. As summarized above, McMahon and his sister testified that he did not pay for that one-third interest. Thus, the court appropriately applied WIS. STAT. § 767.61(2)(a)1.'s provision that gifts received "from a person other than the other party" are "not subject to a property division" during a judgment of divorce, to determine that McMahon's one-third interest in the Oneida County property received from his sister is not subject to division.

¶25 Rushman argues that the deed's indication of a transfer fee paid when McMahon received his sister's one-third interest in the Oneida County property "represents tax applied to the purchase price of an action" and therefore shows that "the transaction was not a gift." This argument fails because, under Wisconsin law, transfer fees are not tied to the purchase price but are instead based on the value of the land transferred. WIS. STAT. § 77.22(1) ("There is imposed on the grantor of real estate a real estate transfer fee at the rate of 30 cents for each $100 of value or fraction thereof on every conveyance not exempted or excluded under this subchapter."). Rushman points to no statutory language exempting gifts from siblings from transfer fees. *See* § 77.22(1) ("every conveyance not exempted or excluded under this subchapter" is subject to a real estate transfer fee); WIS. STAT. § 77.25 (listing all statutory exemptions from transfer fees, but containing no exemption or exclusion for gifts from a sibling). Therefore, the indication of the payment of a transfer fee does nothing to show that the circuit court's finding of fact that McMahon did not pay for the transfer is "clearly erroneous." *See **Schorer v. Schorer***, 177 Wis. 2d 387, 396, 501 N.W.2d 916 (Ct. App. 1993). Accordingly,

10

Rushman fails to show that the court erroneously determined that McMahon received his sister's one-third interest in the Oneida County property as a gift.

### C. Unequal Division of Portage County Property

¶26    We conclude that the circuit court did not erroneously exercise its discretion in unequally dividing the Portage County property.  This is because the record shows that the court cited the correct legal standard, invoking the presumption of equal division under WIS. STAT. §767.61(1)-(3) and, applying that standard to the facts, concluded that altering the presumed equal distribution was equitable in this case based primarily on the parties' relative contributions to the Portage County property and the short duration of the marriage, after also considering the parties' economic situations and employment histories.  *See* § 767.61(3)(a), (d), (g), (j) (listing as factors to consider the length of the marriage, the parties' comparative contributions to the marriage, and the parties' employment history and financial resources); ***Prosser v. Cook***, 185 Wis. 2d 745, 755-756, 519 N.W.2d 649 (Ct. App. 1994) (affirming that a presumption of equal division may be "altered because of the relatively short length of the marriage").

¶27    Rushman argues that the circuit court did not explain its reasoning for dividing the Portage County property unequally, but the record as summarized above refutes this argument.

¶28    Rushman also argues that the circuit court failed to explicitly consider, or did not explain its consideration of, *all* the required statutory factors.  The record refutes Rushman's argument.  For example, Rushman argues that the court erroneously "placed no value" on Rushman's contributions based on its determination that any such contributions were "offset by her benefits" that she received from McMahon's contributions to the marriage.  But, the circuit court

11

explicitly considered Rushman's contributions. Similarly, Rushman asserts that the court did not consider the parties' financial resources or employment, but the court did consider that the parties had little money and that Rushman had not been employed for most of the marriage. The court was well within its discretion to focus on the factors that it considered were important and that outweighed any remaining factors. *See LeMere*, 262 Wis. 2d 426, ¶27 (circuit court's "incomplete consideration of the statutory factors" is not error "where the overlooked factors are only marginally relevant").

¶29     Rushman is essentially arguing that the circuit court should have weighed the factors differently and reached a different result. That is precisely a challenge to the court's exercise of discretion that we will not disturb on appeal where, as here, the record shows that "the court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion a reasonable judge could reach." *Glidewell v. Glidewell*, 2015 WI App 64, ¶22, 364 Wis. 2d 588, 869 N.W.2d 796.

¶30     Lastly, Rushman argues that the circuit court considered improper factors. Specifically, she cites the court's statement that Rushman had the "mindset" of a "gold digger." However, the court explained that it was not basing its decision as to how to divide the Portage County property on any evidence of Rushman's "mindset," but on credible evidence that showed that McMahon contributed more financially to the very short marriage than Rushman did.

¶31     In sum, Rushman fails to show that the circuit court erroneously exercised its discretion in dividing the Portage County property unequally.

12

## CONCLUSION

¶32 For the reasons stated, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.